Taliabeebo, J.
The plaintiff, alleging himself unable to meet his pecuniary obligations, filed his petition and schedule on the 19th June, 1866, and prayed for a meeting of his creditors, and for the benefit of the insolvent laws of this State in relation to insolvent debtors.
An order was rendered accordingly, and after citations to the parties, a meeting of creditors took place on the 2d July following. The surrender of the insolvent was accepted. The property surrendered, consisting of personal effects of no great value, was ordered to be sold, and the insolvent was discharged.
The sale of the property took place on the 21st July, after legal advertisements had been made.
Lucy H. Duval and her husband, averring Mistress Duval to be a judgment creditor for $2,500, with interest from March, 1861, filed an opposition to the proceeding of the insolvent on the 10th of July.
This opposition alleges that the petitioner has not complied with the law in regard to voluntary surrender of property; that he has not shown by his schedule that he has suffered any losses, or that he is entitled to the benefit of the insolvent law. That this surrender is in fraud of the rights of his creditors.
It is contended, on the part of the insolvent, that the opponents had legal notice of the meeting of the creditors, failed to appear, and made no opposition at the time; that all the creditors, except the opponents, voted to accept the surrender, and grant the discharge asked for by the insolvent; and that the creditors who voted to discharge him, constituted a majority in number and amount. It is also objected, that opponent’s allegation of fraud is not specific.
The opposition was overruled and dismissed, and the discharge of the insolvent by the creditors sustained.
From this judgment the opponents have appealed.
It appears to us from the record, that there is error in the judgment. The sixth section of the act of 1855 (Revised Statutes, p. 252) prescribing the requirements of the law governing voluntary surrender of property, directs that “thedebtor shall annex to his petition his schedule, that is to say, a summary statement of his affairs, and the lossess he may .have experienced.” Section eighth of the same act, requires the debtor to swear that his schedule contains a correct and faithful statement of all the property he possesses, of his active and passive debts, and 'of the losses he has experienced in his affairs.
His schedule presented in the record does not show that he has complied with these provisions of the law. The discharge by the creditors, although they may have constituted a majority as to number of persons and amount of claims, can have no legal effect against the creditor making opposition, unless predicated upon a strict compliance with the indispensable demands of the insolvent laws. The creditor, making opposition, has his claim ascertained by judgment. It is for an amount nearly approximating the aggregate claims of the creditors who granted the discharge. This judgment creditor it seems had issued execution, and had the debtor’s property under seizure at the time he filed his petition and schedule praying the benefit of surrender. No lien or privilege is set up by the creditor in virtue of his judgment; bxxt he insists *366 upon his right to require from the-debtor a strict compliance with the provisions of the act we have adverted to.
A waiver of that equal right on their part by the other creditors, has no binding force upon the opposing creditor.
It does not appear that he attended the meeting of the creditors after being duly cited, but his opposition was filed within ten days after the meeting of the creditors. This was clearly in time. C. C. Art. 3057, 3059. The meeting was closed the first day. Under the circumstances, this seems to have been unnecessarily soon; but it did not deprive the opponent of the right which he exercised of filing his opposition within the delay.
The allegation of fraud does not appear to be made with sufficient distinctness. In cases of this kind, this Court has frequently held that charges of fraud must be definite and specific. 14 A. 516. 16 L. 348.
Eor the reasons stated, the opposition ought to be sustained on the other ground taken by the opponent.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed; that the proceedings taken in relation to the insolvency in the case be set aside; that the opponent be allowed to proceed to the execution of his judgment according to law, the syndic to pay costs of proceedings in both courts.